UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
AUG 0 6 2012

PER _____
DEPUTY CLERK

NATHANIEL L. ADDERLY,                   :
                                        :
         Plaintiff                      :
                                        :
    v.                                  : CIVIL NO. 3:CV-11-0694
                                        :
C.O. EIDEM, et al.,                     : (Judge Kosik)
                                        :
         Defendants                     :

## MEMORANDUM

Nathaniel Adderly, at the time an inmate confined at the State Correctional Institution at Dallas, Pennsylvania, filed this action pursuant to 42 U.S.C. § 1983 on April 13, 2011 alleging violations of his civil rights by nineteen (19) employees of the Pennsylvania Department of Corrections.[1]  The incidents alleged took place at

---

[1] There is some confusion as to Adderly's current whereabouts. Defendants state in their opposition brief that he has completed his sentence, and has been released from confinement. The Department of Corrections Inmate Locator reveals that there are no inmates by the name of Nathaniel Adderly currently incarcerated within the Pennsylvania Department of Corrections. See http://inmatelocator.cor.state.pa.us.  However, in accessing VineLink, the computer site that tracks where county inmates are confined, two inmates by the name of  Nathaniel Adderly appear. One of these inmates is listed as having the middle initial of "L." See http://www.vinelink.com. "Nathaniel L. Adderly," which is the name of the Plaintiff in this case, appears to be out of prison on parole. The other inmate reported on VineLink, "Nathaniel Adderly," is in custody at the Luzerne County Prison. The mailings in this

Adderly's former place of confinement, the State Correctional Institution at Frackville (SCI-Frackville), Pennsylvania. Presently pending before the court is Defendants' motion to dismiss portions of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 11.) For the reasons that follow, the motion will be granted. However, Adderly will be provided with the opportunity to submit an amended complaint in this matter.

I. **Background**

In the complaint, Adderly maintains that on April 5, 2009, and other various dates, Correctional Officer Eidem attempted homicide and committed assault and battery on him resulting in pain and injuries in violation of the Eighth Amendment. He further claims that Eidem was involved in a conspiracy to cover up these actions by filing false reports. Adderly contends that this conduct resulted in a criminal trial against him wherein he was found innocent. Adderly also sets forth general allegations of the denial of nourishment, assault and harassment against Correctional Officers Reno, Alshefski and Resendes during general time-frames ranging from October of 2007 through April 29, 2010 (Reno), April 5, 2009 through April 29, 2010 (Alshefski) and June 2009 through April 29, 2010 (Resendes). No details are provided with respect to the specific incidents or the dates upon which they happened.

---

case have come from a Nathaniel Adderly at the Luzerne County Prison.

Adderly further alleges that on various dates between April 5, 2009 and April 29, 2010, Defendant Popson failed to act after being informed through reports and appeals that his rights were being violated. Again, he does not provide any details with respect to what Popson was advised and with respect to which particular incidents. Similar allegations are set forth against Superintendent Wenerowicz, Deputy Superintendent Kovalchik, and Program Review Committee Members Derfler, Shannon and Braim. Only general time spans from April 5, 2009 through November of 2010 are set forth with respect to each of these Defendants.

It is also claimed that Defendant Weidow served Adderly unsanitary, vile food trays on "various dates between December of 2009 and April of 2010," and that on one occasion he inserted a "jagged rock" into his food causing Adderly to choke. Adderly further maintains that Defendant Dando removed documents from Adderly's property with respect to civil cases he had pending that resulted in the dismissals of his cases. This conduct happened on various dates from November of 2009 until April 29, 2010.

Adderly also sets forth general claims against other employees at SCI-Frackville. For example, he states that on "various dates from May 2008 until April 2010," Counselor Damitter violated his rights when he failed to act after being informed of improper conduct by others and allowed the "policies" to continue. The complaint also sets forth claims against Correctional Officers Alberts, Jacobs and

3

Svab for failing to provide Plaintiff with proper nourishment. With respect to each of these Defendants, Adderly sets forth different broad time spans during which the incidents occurred.

It is further alleged that Correctional Officer Kufro failed to provide Adderly with proper nourishment, and that on March 4, 2010, he served him unwrapped/unprotected food on a filthy food tray. Defendant Resendes is alleged to have witnessed this behavior. Plaintiff states that when he complained, Kufro retaliated by issuing him a misconduct in violation of the First Amendment.

Finally, Adderly claims that Dorina Varner, Chief Grievance Officer for the DOC, violated his constitutional rights from approximately April 5, 2009 through August 11, 2010. Specifically, he contends that when Varner was informed through reports and appeals about the conduct of the other Defendants, she failed to remedy the wrongs. Adderly seeks compensatory, declaratory and injunctive relief.

## II.   Motion to Dismiss Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Gelman v. State

Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009)(quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the ... claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1947, 173 L. Ed. 2d 868 (2009)). Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. at 1950, 173 L. Ed. 2d 868 (citing Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. 662, 129 S. Ct. at 1949, 173 L.Ed.2d 868. When the complaint fails to present a prima facie case of liability, however, courts should generally grant leave to amend before dismissing a complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

### III. Discussion

The pending motion to dismiss is filed on behalf of all named Defendants. (Doc. 11.) In the motion, Defendants seek to dismiss all claims with the exception of the allegations that (1) Defendant Weidow served Adderly a food tray that contained a rock and (2) Defendant Kufro retaliated against Adderly for complaining about his food on March 4, 2010. They seek the dismissal of the remaining claims on the following basis.

> **A. Claims against Defendants Eidem, Cowher, Glenn, Saxton, Balonis, Reno, Alshefski, Resendes, Popson, Wenerowicz, Kovalchik, Derfler, Shannon, Braim, Damitter, Alberts, Jacobs and Svab for failure to allege specific facts**

Defendants maintain that the majority of Adderly's claims are nothing more than conclusory statements that fail to specify the actions taken by Defendants in violation of his rights, and do not provide any details with respect to when the conduct took place. In reviewing the complaint, the court agrees that Adderly's allegations that said Defendants generally violated his rights by assault/battery,

6

failing to provide nourishment, etc., without more, are insufficient to state a claim under the Rule 12(b)(6) standard. Plaintiff sets forth gaping spans of time during which he claims Defendants "on various dates" violated his rights. He does not provide any details as to the conduct that occurred or when it occurred. For these reasons, he fails to state a claim with respect to said allegations. With this said, it does not mean that Adderly may not be able to set forth viable claims against these Defendants. He will be afforded the opportunity to file an amended complaint in an attempt to do so.

### B. Access to the Courts Claim against Defendant Dando

In the complaint, Adderly alleges that on various dates from November 2009 until approximately April 29, 2010, Defendant Danko violated his First Amendment rights by intentionally removing documents/evidence from his property relevant to civil cases he had pending, including the instant case. While not artfully drafted, Adderly appears to claim that his cases and appeals were denied/dismissed due to Dando's actions.

Under the First and Fourteenth Amendments, prisoners retain the right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 346 (1996). However, a prisoner asserting a denial of access to courts claim must satisfy the constitutional standing requirement by alleging an actual injury. Lewis, 518 U.S. at 349. To meet this requirement, a plaintiff must show that the actions of the prison officials hindered

the prisoner's efforts to pursue a nonfrivolous claim. See Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008); Christopher v. Harbury, 536 U.S. 403, 415 (2002). Further, "the injury requirement is not satisfied by just any type of frustrated legal claim." Lewis, 518 U.S. at 354. The right of access to the courts "does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims," and thus the right is limited to safeguarding prisoners' ability "to attack their sentences, either directly or collaterally, and in order to challenge the conditions of their confinement." Id. at 355. "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Lewis, 518 U.S. at 349.

In the instant case, Defendants move to dismiss Plaintiff's access to the courts claim against Dando based upon Plaintiff's failure to allege which civil cases/appeals were thwarted and to what they related. More importantly, even if Plaintiff had established that his litigating efforts had been frustrated by Dando in pursuing a challenge to his conviction or a claim related to his conditions of confinement, he does not clearly establish the actual injury suffered. While he does appear to claim that cases/appeals were denied/dismissed, he sets forth no details with respect to any such cases/appeals. For these reasons, the motion to dismiss with respect to this claim will be granted, but Plaintiff will be permitted the opportunity to include an

access to the courts claim against Dando in his amended complaint to the extent he is able to meet the guidelines set forth in Lewis.[2]

### C. Eighth Amendment claim against Defendant Kufro for denial of a single meal

Adderly maintains that Defendant Kufro violated his Eighth Amendment rights by intentionally unwrapping his food and then throwing it into a filthy food tray. He claims that this occurred on March 4, 2010. He further alleges that after he complained about this incident, Kufro retaliated by issuing him a misconduct.[3] Defendants move to dismiss the Eighth Amendment claim on the basis that Plaintiff fails to set forth any facts establishing that he was subjected to cruel and unusual punishment.

The Eighth Amendment protects individuals against the infliction of "cruel and unusual punishments." This protection guarantees incarcerated persons humane conditions of confinement. In this regard, prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and must "take reasonable measure to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825,

---

[2] The court agrees with Defendants that any access to the courts claim against Dando with respect to the instant action is without merit. First, it would be impossible to infringe Adderly's rights prior to the time any such action was commenced. Further, it is clear no actual injury has been suffered since the instant action is still pending.

[3] Defendants do not move to dismiss the retaliation claim against Kufro. As such, Plaintiff must include this claim in any new amended complaint he submits in this action.

832 (1994)(quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984).

Notwithstanding, not every injury raises constitutional concerns. A prison official violates the Eighth Amendment only when two requirements are met. The inmate must show that: (1) he suffered a risk of "serious" harm; and (2) prison officials showed "deliberate indifference" to a such risk. Farmer, 511 U.S. at 834. The first element is satisfied when the alleged "punishment" is "objectively sufficiently serious." Id. In determining whether a prisoner has alleged a risk that is objectively serious, a court must consider not only the seriousness of the potential harm and the likelihood that the harm will actually occur, but evidence that unwilling exposure to that risk violates contemporary standards of decency. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate. Healing v. McGivney, 509 U.S. 25, 35 (1993).

The second criterion, deliberate indifference, requires an inmate to show that the prison official had a sufficiently culpable state of mind. The Supreme Court clarified this deliberate indifference standard in Farmer when it found that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837-38.

In the instant case, Plaintiff's allegation that Defendant Kufro failed to provide him with sanitary nourishment on one occasion by placing unwrapped food on a dirty tray is insufficient to show that he suffered an Eighth Amendment violation. Further, there is no indication that he was not provided with other meals that day. For these reasons, the Eighth Amendment claim against Kufro will be dismissed.

### D. Claims against Defendant Varner for failing to respond favorably to grievances

The claims set forth in the complaint against Defendant Varner basically amount to Plaintiff's dissatisfaction with Varner's responses to grievances that came before her in her capacity as Chief Grievance Officer. He contends that by not responding favorably to his grievances/appeals therefrom, Varner thereby participated in the alleged unconstitutional conduct.

Without unnecessary elaboration, it is well established that there is no constitutional right to a grievance procedure. See Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 137-38 (1977). Even if a prison provides for a grievance procedure, as the DOC does, violations of those procedures do not amount to a civil rights cause of action. Hoover v. Watson, 886 F. Supp. 410, 418 (D. Del. 1995), aff'd, 74 F.3d 1226 (3d Cir. 1995). Further, a supervisory defendant's involvement that he responded unfavorably to an inmate's later-filed grievance does not state a claim under § 1983. See Atwell v. Lavan, 557 F. Supp.2d 532, 547 (M.D. Pa. 2008); Wilson v. Horn, 971 F. Supp. 943, 947 (E.D. Pa. 1997). For these reasons,

the court finds that Adderly fails to state a claim against Defendant Varner, and she will be dismissed from this action.

### E. Request for Declaratory and Injunctive Relief

It is well recognized that the adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at 459 n. 10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy regarding injunctive relief if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F.Supp. 1451, 1462 (S.D.N.Y. 1985)(citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)). A prisoner's transfer or release from prison moots his claims for injunctive or declaratory relief since he is no longer subject to the conditions he alleges are unconstitutional. Abdul-Akbar v. Watson, 4 F.3d 195, 206-07 (3d Cir. 1993); see also Weaver v. Wilcox, 650 F.2d 22, 27 (3d Cir. 1981)("[A] prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he attempts to challenge.").

Regardless of where Adderly is now - whether it is out of custody, out on parole, or currently confined at the Luzerne County Prison, his requests for declarative and injunctive relief are moot. At the time he filed this action and

requested such relief, he was confined at SCI-Dallas and was complaining about incidents occurring at SCI-Frackville. There is no question that he is no longer confined at SCI-Frackville and there is nothing in the record to suggest that there exists a reasonable probability of his return there. Consequently, his claims for declaratory and injunctive relief are moot and will be dismissed. See Fortes v. Harding, 19 F. Supp. 2d 323, 326 (M.D. Pa. 1998).

### F.     Statute of Limitations

Defendants also maintain that some of the claims asserted by Adderly are barred by the applicable statute of limitations. The court agrees. Civil rights claims are subject to the statute of limitations for personal injury actions of the pertinent state. Wilson v. Garcia, 471 U.S. 261, 266-67 (1985). Thus, Pennsylvania's two year statutory period applies to the instant claims. See Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000); 42 Pa.C.S. § 5524. The limitations period begins when the plaintiff knows or had reason to know of the injury forming the basis for the federal civil rights action. Gera v. Commonwealth of Pennsylvania, 256 F. App'x 563, 564-65 (3d Cir. 2007).

In applying these standards to the original complaint as submitted, it is clear that at least some of the claims set forth by Adderly are barred by the two year statute of limitations. His complaint is dated April 10, 2011, and was filed on April 13, 2011. Some of the claims are based on events that occurred prior to April 10, 2009.

For example, he alleges the failure of certain Defendants to provide him with nourishment "on various dates" between October of 2007 and April 29, 2010, as well as between June of 2009 and April 29, 2010. Other alleged incidents occurred in 2008 and on dates in 2009 prior to April 10, 2009.

With this said, any incidents occurring prior to April 10, 2009, would appear to be barred by the statute of limitations unless Plaintiff were able to demonstrate a basis for extending the limitations period. Because he has not done so, the two-year statute of limitations would compel the dismissal of any claims prior to April 10, 2009 as untimely. However, because it is unclear exactly what claims occurred on which dates based upon a review of the original complaint as drafted, Adderly is advised that in submitting his amended complaint in this action he must only include timely claims.

G. **Amended Complaint**

Adderly will be granted an opportunity to file an amended complaint in this action attempting to state an actionable § 1983 claim against a properly named defendant or defendants in accordance with the above principles. He will be afforded fifteen (15) days within which to do so. In preparing an amended complaint, Adderly is advised that he must comply with Federal Rule of Civil Procedure 8, and set forth at least a modicum of factual specificity, identifying the defendants and the particular conduct of the defendants purported to have harmed him. The "amended complaint

must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." <u>Young v. Keohane</u>, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Further, Adderly is strictly cautioned that the amended complaint must comply with Federal Rule of Civil Procedure 20 and involve only related claims or parties.

In submitting his amended complaint, Adderly must include those claims that Defendants did not move to dismiss (8th Amendment claim against Defendant Weidow for serving food with a rock; Retaliation claim against Defendant Kufro for complaining about food). The failure to submit a proper amended complaint will result in the court proceeding only on the 8th Amendment claim against Weidow and the retaliation claim against Kufro as set forth in the original complaint. An appropriate order follows.