UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


NATHANIEL L. ADDERLY,　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
　　　　　Plaintiff　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
　　　v.　　　　　　　　　　　　　　　: CIVIL NO. 3:CV-11-0694
　　　　　　　　　　　　　　　　　　　:
C.O. EIDEM, et al.,　　　　　　　　: (Judge Kosik)
　　　　　　　　　　　　　　　　　　　:
　　　　　Defendants　　　　　　　　　:

## MEMORANDUM

This civil rights action pursuant to 42 U.S.C. § 1983 proceeds on an amended

complaint filed by Nathaniel Adderly. (Doc. 33).  On February 18, 2014, the court

granted in part and denied in part Defendants' motion to dismiss the amended

complaint.  (Docs. 48, 49.)  Pending is Plaintiff's motion seeking reconsideration of

the court's decision.  For the reasons that follow, the motion will be denied.

## I.　　Background

Plaintiff filed his original complaint on April 13, 2011.  The complaint was

dated April 10, 2011.  Named as Defendants were numerous employees at the State

Correctional Institution at Frackville, Pennsylvania, and Dorina Varner, Chief

Grievance Officer for the Department of Corrections. Plaintiff set forth numerous

claims against them including excessive force, retaliation, denial of food and food

tampering, sexually-motivated frisk searches and due process violations.  (Doc. 1.)
The claims spanned the time period from October of 2007 though April 24, 2010, the
date Plaintiff was transferred from SCI-Frackville.

On August 6, 2012, the court granted a motion to dismiss portions of the
complaint filed by Defendants.  (Docs. 17, 18.)  In this opinion, the following claims
were dismissed, without leave to amend: all claims set forth against Defendant
Varner, the Eighth Amendment claim against Defendant Kufro, and all claims set
forth in the complaint arising prior to April 10, 2009.[1]   Plaintiff was given leave to
file an amended complaint, however, with respect to his claims against the other
Defendants named in the complaint.  He was also cautioned that in the amended
complaint he must include the two claims Defendants did not move to dismiss from
the complaint (the Eighth Amendment claim against Defendant Wiedow and the
retaliation claim against Defendant Kufro).

On April 25, 2013, Plaintiff submitted his amended complaint.  He again listed
numerous SCI-Frackville employees and Dorina Varner as defendants, and included
numerous allegations.  The claims spanned the same time period as in the original
complaint. Plaintiff did provide more details with respect to some of his claims.
Further, while he did include the Eighth Amendment claim against Weidow, he failed

---

[1]  The court found all claims arising prior to April 10, 2009 to be barred by the applicable statute of limitations.

to include the retaliation claim against Kufro in the amended complaint.  (Doc. 33.)

Defendants thereafter filed a motion to dismiss the amended complaint. On February 18, 2014, the court issued a comprehensive Memorandum addressing Defendants' motion and the grounds raised therein.  (Doc. 48.)  Without reiterating the entire Memorandum, the court granted in part and denied in part Defendants' motion as follows.  The motion was granted with respect to (1) those claims found to be barred by the statute of limitations (those occurring prior to April 10, 2009)[2]; the access to the courts claims; (3) the claims alleged against Defendants Shannon, Wenerowicz, Kovalchik and Derfler on the basis of lack of personal involvement; (4) the claims against Defendants Alberts, Svab, Jacobs and Damitter; and (5) the deprivation of personal property claims.  The motion was denied in all other respects. (Doc. 49.)

Following the court's resolution of the motion to dismiss the amended complaint, the following claims are proceeding: (1) excessive force claim of 2/24/10 against Defendant Eidem; (2) retaliatory misconduct claim of 4/10/09 against Defendants Cowher and Glenn; (3) withholding of food claim from 4/10/09 through

---

[2] The court notes that there is a typographical error on page 10 of the Memorandum of February 19, 2014.  The court correctly states that "all claims relating to events occurring prior to April 10, 2009 must be dismissed as barred by the statute of limitations", but then goes on to state that all claims set forth in the amended complaint arising prior to April 10, 2012 will be dismissed.  Clearly, "April 10, 2012" is a typographical error and should read April 10, 2009.

4/29/10 against Defendant Alshefski; (4) excessive force claim of January 2010 against Defendant Resendes; (5) the food tampering claim of 2/27/10 against Defendant Wiedow; and (6) the sexual frisks claim between 4/10/09 and 4/10/10 and the withholding of food claim between 4/10/09 and 4/29/10 against Defendant Reno.

On March 3, 2014, Plaintiff filed a motion for reargument and/or reconsideration of the court's resolution of Defendants' motion to dismiss the amended complaint. (Doc. 51.) The sole focus of Plaintiff's motion is his belief that he is entitled to equitable tolling of the statute of limitations with respect to certain claims arising prior to April 10, 2009.

## II.   Standard of Review

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." Kabacinski v. Bostrom Seating, Inc., 98 F. App'x 78, 81 (3d Cir. 2004)(quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)). Because "federal courts have a strong interest in the finality of judgments," United States v. Hoey, No. 09-200, 2011 WL 748152, at *2 (W.D. Pa. Feb. 15, 2011)(citation omitted),the standard that must be met to prevail on a motion for reconsideration is high, see Berry v. Jacobs IMC, LLC, 99 F. App'x 405, 410 (3d Cir. 2004).

The court may grant a motion for reconsideration if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence

which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice.  United States v. Banks, Crim. No. 03-245, 2008 WL 5429620, at *1 (W.D. Pa. Dec. 31, 2008)(citing Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). Motions for reconsideration are not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court, see Hoey, 2011 WL 748152, at *2 (citation omitted), or for addressing arguments that a party should have raised earlier, see United States v. Dupree, 617 F.3d 724, 732-33 (3d Cir. 2010)(quotations omitted).  Rather, such a motion is appropriate only where the court misunderstood a party or where there has been a significant change in law or facts since the court originally ruled on that issue.  Hoey, 2011 WL 748152, at *2.  The mere dissatisfaction with the court's ruling is not a proper basis for reconsideration. Progressive Cas. Ins. Co. v. PNC Bank, N.A., 73 F.Supp.2d 485, 487 (E.D. Pa. 1999).

## III.   Discussion

The statute of limitations applicable to claims brought under § 1983 in Pennsylvania is two years.  Fitzgerald v. Larson, 769 F.2d 160, 162 (3d Cir. 1985). Plaintiff's complaint was filed on April 13, 2011, but signed on April 10, 2011.  (Doc. 1.)  "The federal 'prisoner mailbox rule' provides that a document is deemed filed on the date it is given to prison officials for mailing."  Pabon v. S.C.I. Mahanoy, 654 F.3d 385, 391 n.8 (3d Cir. 2011).  As such, the court construed the filing date as April

10, 2011.

In the complaint, Plaintiff set forth allegations dating as far back as 2007 and covering the time period up through April 24, 2010.  The court found that all claims occurring prior to April 10, 2009, more than two years prior to the date he filed his complaint, were barred by the statute of limitations.  The court issued this ruling when it decided Defendants' motion to dismiss the original complaint.  In allowing Plaintiff to submit an amended complaint, he was advised that any claims barred by the statute of limitations, ie., those occurring prior to April 10, 2009, should not be included in the amended complaint.

In submitting his amended complaint, Plaintiff once again included claims previously found to be barred by the statute of limitations.  In ruling on Defendants' motion to dismiss the amended complaint, the court agreed with Defendants that all claims relating to events occurring prior to April 10, 2009 would be dismissed as barred by the statute of limitations, as previously found in the court's Memorandum of August 6, 2012.  (Doc. 17.)

Plaintiff now seeks reconsideration of this ruling claiming he is entitled to equitable tolling with respect to the barred claims.  He appears to specifically focus on incidents occurring on or around April 5, 2009.  It is Plaintiff's argument that "averments occurring before April 10, 2009 should be equitably tolled because Plaintiff was unable to file a lawsuit until after June 2009 when the grievances were

exhausted for the April 5th 2009 incidents . . . ." (Doc. 51 at 1.)  He basically claims that his remedies were not exhausted until "months after April 5, 2009," specifically referencing the exhaustion completion date as June 2009 with respect to the barred claims.

Even accepting Plaintiff's representations as true, the court is hard-pressed to see how equitable tolling would apply under these facts.  Assuming exhaustion was complete, as Plaintiff states, in June of 2009, he did not file the instant action until April 10, 2011.  He provides no explanation whatsoever as to why he could not file his complaint within two years of the date of the events.[3]  For these reasons, his motion for reconsideration will be denied.  An appropriate order follows.

---

[3] Further, Plaintiff fails to offer any support for his alternative argument that the statute of limitations should have been equitably tolled while he pursued criminal charges with respect to some of his claims.