**FILED**
**SCRANTON**

SEP 2 8 2016

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

Per_____

DEPUTY CLERK

NATHANIEL ADDERLY,                    :

                    Plaintiff,        :

                                      :     CIVIL NO. 3:11-CV-694

            v.                        :

                                      :     (Judge Kosik)

C.O. EIDEM, et al.,                   :

                    Defendants.       :

## MEMORANDUM

Before the Court are objections by both parties to a Report and Recommendation ("R&R") issued by United States Magistrate Judge Martin C. Carlson. For the reasons which follow, the Court will adopt, in part, the R&R and deny, in part, Defendants' Motion for Summary Judgment.[1]

## I. BACKGROUND

Plaintiff filed the original Complaint on April 13, 2011 (Doc. 1). Plaintiff set forth numerous claims including excessive force, retaliation, denial of food and food tampering, sexually-motivated frisk searches and due process violations. (Id.) On August 6, 2012, the Court granted a motion to dismiss portions of the Complaint. (Docs. 17, 18.) In addition to dismissing some claims without leave to amend, the Court dismissed all claims set forth in the Complaint that arose prior to April 10, 2009, as barred by the applicable statute of limitations. Plaintiff was then given leave to file an amended complaint.

On April 25, 2013, Plaintiff filed an amended complaint (Doc. 33). Defendants filed a motion to dismiss the amended complaint (Doc. 37), and the Court granted in part, and denied in part, that motion (Docs. 48, 49). The parties conducted discovery, and Defendants then filed a motion for summary judgment on the issues of exhaustion and statute of limitations (Doc. 77). Defendants also filed a motion for leave to file additional summary judgment

---

[1] Defendants' motion for summary judgment was based solely on procedural grounds. Defendants reserved the right to file a motion for summary judgment on the merits. See Docs. 78, 82.

motion on the merits (Doc. 78), should the Court decline to grant the summary judgment motion. The Court granted Defendants' leave to file an additional summary judgment motion (Doc. 82).

Magistrate Judge Martin C. Carlson issued a R&R (Doc. 90), recommending granting in part, and denying in part, Defendants' motion for summary judgment. Both parties filed objections to the R&R (Docs. 91, 93).

## II. STANDARD OF REVIEW

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). An issue is "genuine" if there is sufficient evidence with which a reasonable jury could find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Childers v. Joseph, 842 F.2d 689, 693-94 (3d Cir. 1988) (citing Anderson, 477 U.S. at 248). A factual dispute is "material" if it might affect the outcome of the case. Anderson, 477 U.S. at 248. In determining whether an issue of material fact exists, the court must consider the evidence in the light most favorable to the non-moving party. Skerski v. Time Warner Cable Co., 257 F.3d 273, 278 (3d Cir. 2001); White v. Westinghouse Elec. Co., 862 F.2d 56, 59 (3d Cir. 1988).

A party seeking summary judgment always bears the initial burden of informing the court of the basis of its motion and identifying those portions of the record that it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The non-moving party then has the burden to "come forth with 'affirmative evidence, beyond the allegations of the pleadings,' in support of its right to relief." U.S. Bank, Nat'l Ass'n v. Greenfield, Civ. Action No. 1:12-CV-2125, 2014 WL 3908127, *2 (M.D. Pa. Aug. 11, 2014) (quoting Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004)). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)," a court may grant

summary judgment or consider the fact undisputed for purposes of the motion.  Fed. R. Civ. P. 56(e)(2-3).

## III. DISCUSSION

When objections are filed to a R&R of a Magistrate Judge, we must make a *de novo* determination of those portions of the report to which objections are made.  28 U.S.C. § 636(b)(1); <u>see also</u> <u>Sample v. Diecks</u>, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989).  In doing so, we may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  28 U.S.C. § 636(b)(1); Local Rule 72.31.  Although our review is *de novo*, we are permitted to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper.  <u>See</u> <u>United States v. Raddatz</u>, 447 U.S. 667, 676 (1980); <u>see also</u> <u>Goney v. Clark</u>, 749 F.2d 5, 7 (3d Cir. 1984).  For the portions not objected to, the usual practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it.  <u>Henderson v. Carlson</u>, 812 F.2d 874, 878 (3d Cir. 1987).

In the R&R, the Magistrate Judge recommended that Defendants' motion for summary judgment be granted in part and denied in part.  Specifically, the Magistrate Judge recommended that the following claims should be dismissed for failure to exhaust the administrative remedies available to him: (1) claim that Officer Weidow inserted a jagged rock into Plaintiff's food tray on or about February 27, 2010; (2) claim that Officer Resendes used excessive force on him by slamming his hand in the food aperture in January 2010; and (3) claim that he was abused by Officer Eidem on January 24, 2010, during a cell extraction.

The Magistrate Judge recommended that the following claims survive the motion for summary judgment: (1) claim that Corrections Officers Cowher and Glenn issued him a retaliatory misconduct on April 5, 2009; (2) claim that Officer Reno subjected him to sexual harassment from April 10, 2009, through April 29, 2010; and (3) claim that Officers Reno and Alshefski failed to provide him with adequate nourishment from April 10, 2009, through April 29, 2010.

-3-

A. **DEFENDANTS' OBJECTIONS**

Defendants make several objections to the Magistrate Judge's R&R. Defendants argue that Plaintiff's retaliation claim is barred by the applicable statute of limitations, that Plaintiff's claim of sexually-motivated frisk searches was never fully exhausted, and that Plaintiff's inadequate nourishment claim was never fully exhausted because Plaintiff procedurally defaulted.

**Objections to Retaliation Claim**

First, Defendants object to the Magistrate Judge's finding that the retaliatory misconduct claim against Corrections Officers Cowher and Glenn was not time-barred. In this Court's Memorandum and Order dated August 6, 2012 (Docs. 17-18), the Court concluded that any incidents occurring prior to April 10, 2009, are barred, as Plaintiff's complaint was dated April 10, 2011. The Magistrate Judge found that Plaintiff was entitled to equitable tolling of the statute of limitations, because although Plaintiff's initial disciplinary decision was reached on April 9, 2009, Plaintiff pursued on-going grievance proceedings relating to this misconduct, which extended beyond April 2009. Defendants object and argue that the misconducts referenced in the Amended Complaint as being issued in retaliation, were issued on April 5, 2009, and the hearing was conducted on April 9, 2009, outside of the statute of limitations. Furthermore, Defendants argue that all events associated with this claim occurred prior to the statute of limitations deadline of April 10, 2009.

Civil rights claims are subject to the statute of limitations for personal injury actions of the pertinent state. Wilson v. Garcia, 471 U.S. 261, 266-67 (1985); Wallace v. Kato, 549 U.S. 384, 387 (2007). In Pennsylvania, the statute of limitations for personal injury actions is two years. 42 Pa.C.S. § 5524(2). "Federal law governs the cause of action's accrual date." Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009). "Under federal law, a cause of action accrues, and the statute of limitations begins to run, 'when the plaintiff knew or should have known of the injury upon which its action is based.'" Id. (quoting Sameric Corp. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998)).

-4-

In support of their motion for summary judgment, Defendants provide a declaration from the Records Supervisor (Doc. 80, Defs' Br. in Support, Ex. G, Yale Decl.), the three (3) misconducts that were issued on April 5, 2009 (B193821, B193823, B193825), and the misconduct that was issued on April 10, 2009 (A820722) (Id. at Exs. H-K). The misconducts that were issued on April 5, 2009, charged Plaintiff with assault as a result of the altercation with Corrections Officers Eidem, Cowher, and Glenn. (Id. at Exs. H-J.) The initial hearing was held on April 9, 2009. (Id.) Plaintiff administratively appealed this misconduct, which was not resolved until July 2009. (Id.)

We agree with the Magistrate Judge that the statute of limitations does not bar Plaintiff's retaliation claim under § 1983, as the Prison Litigation Reform Act ("PLRA") requires the Plaintiff to first exhaust his administrative remedies. As the Magistrate Judge aptly noted in the R&R, appellate courts that have considered this issue in precedential opinions, have held that equitable tolling of any statute of limitations is appropriate while an inmate exhausts his administrative remedies. See e.g., Messa v. Goord, 652 F.3d 305, 310 (2d Cir. 2011); Brown v. Valoff, 422 F.3d 926, 942-43 (9th Cir. 2005); Johnson v. Rivera, 272 F.3d 519, 522 (7th Cir. 2001); Brown v. Morgan, 209 F.3d 595, 596 (6th Cir. 2000). The United States Court of Appeals for the Third Circuit has considered this issue in non-precedential opinions and have held the same. See Thompson v. Pitkins, 514 F. App'x 88, 90 (3d Cir. 2013); Paluch v. Sec'y Pa. Dep't of Corr., 442 F. App'x 690, 694 (3d Cir. 2011).

Defendants also argue for the first time that the retaliation claim should be dismissed for failure to fully and properly exhaust administrative remedies. Because this argument was not raised in their motion for summary judgment, we will not consider it now. Therefore, we agree with the Magistrate Judge and will deny Defendants' motion for summary judgment with respect to Plaintiff's retaliation claim.

**Objection to Sexual Harassment Claim Against Officer Reno**

Defendants next object to the Court permitting Plaintiff's claim related to sexually motivated frisk searches by Defendant Reno to proceed. Defendants argue that Plaintiff never

-5-

filed a grievance related to sexually motivated frisk searches and has never appealed such grievance to final review. Defendants argue that since he has never mentioned sexually motivated frisk searches as the subject of a grievance filing, he was not in proper compliance with Department Policy. (Doc. 80, Defs' Br. in Supp., Ex. B.)

The Magistrate Judge found that Plaintiff's claim that Officer Reno subjected him to sexual harassment from April 10, 2009, through April 29, 2010, was fully exhausted. Plaintiff filed Grievance No. 295611, claiming ongoing verbal sexual harassment by Officer Reno, but did not mention sexually motivated frisk searches, which was the claim made in Plaintiff's amended complaint. (Id., Ex. D.) Of the grievance records submitted during the relevant time, none of them mentioned sexually motivated frisk searches. Therefore, we agree with Defendants and will grant Defendants' motion for summary judgment with respect to Plaintiff's claim of sexually motivated frisk searches.

**Objection to Inadequate Nourishment Claim**

Lastly, Defendants object to the Magistrate Judge's finding that Defendants did not meet their burden to show that Plaintiff failed to exhaust his claim that from April 10, 2009, through April 29, 2010, Officers Reno and Alshefski failed to provide Plaintiff with adequate nourishment. Defendants argue that Plaintiff procedurally defaulted, because Grievance No. 270930 was rejected at the final appeal stage for grieving and appealing more than one issue.

The Magistrate Judge found that Plaintiff consistently and timely raised his concerns about proper nutrition throughout the three-step grievance process. The Magistrate Judge found that Defendants did not affirmatively show that this claim was not exhausted. We agree and will deny Defendants' motion for summary judgment with respect to this claim.

**B. Plaintiff's Objections**

Plaintiff objects to several findings by the Magistrate Judge. Plaintiff argues that the procedural defaults that caused some of his claims to be recommended for dismissal, were not caused by him, but instead caused by prison officials. Plaintiff also objects to the Magistrate Judge's finding that the claim against Officer Eidem should be dismissed for failure to name

him in the grievance.

**Objections to Procedural Default Findings**

Plaintiff objects to the Magistrate Judge's recommendations to grant Defendants' summary judgment motion, since Plaintiff did not exhaust, with respect to the following claims: (1) on or about February 27, 2010, Officer Weidow inserted a jagged rock into Plaintiff's food tray, causing Plaintiff to nearly choke; (2) in January 2010, Officer Resendes used excessive force on Plaintiff by intentionally slamming his hand in the food aperture; and (3) on February 24, 2010, Plaintiff was abused during a cell extraction by Officer Eidem. Plaintiff argues that correction officers caused the procedural defaults by not submitting his timely appeal paperwork after Plaintiff gave it to them, or by removing paperwork from his cell. Plaintiff also argues that as to his claim against Officer Eidem, he mentioned "cell extraction officers" in Grievance No. 310247, and Officer Eidem was one of them. Defendants concede that Officer Eidem was one of the cell extraction officers, but still maintain that the claim is unexhausted, because the Chief Grievance Officer noted that Plaintiff failed to provide all the required documentation.

Plaintiff has not submitted any affirmative evidence that correction officers caused the procedural defaults in the above claims. Once Defendants, as the moving party, identifies those portions of the record that it believes demonstrates the absence of a genuine issue of material fact, Plaintiff, as the non-moving party, then has the burden to "come forth with 'affirmative evidence, beyond the allegations of the pleadings,' in support of [his] right to relief." U.S. Bank, Nat'l Ass'n v. Greenfield, Civ. Action No. 1:12-CV-2125, 2014 WL 3908127, *2 (M.D. Pa. Aug. 11, 2014) (quoting Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004)). Therefore, we agree with the Magistrate Judge, and we will grant Defendants' motion for summary judgment with respect to those claims.

## IV. CONCLUSION

For the reasons set forth above, the Court will adopt, in part, the Magistrate Judge's R&R. The Court will grant, in part, deny, in part, Defendants' motion for summary judgment.

Defendants' motion for summary judgment will be granted as to the following claims: (1) claim that Officer Weidow inserted a jagged rock into Plaintiff's food tray on or about February 27, 2010; (2) claim that Officer Resendes used excessive force on him by slamming his hand in the food aperture in January 2010; (3) claim that Plaintiff was abused by Officer Eidem on January 24, 2010, during a cell extraction; and (4) claim that Officer Reno subjected Plaintiff to sexually motivated frisk searches from April 10, 2009, through April 29, 2010.

The remaining claims include: (1) claim that Correction Officers Cowher and Glenn issued Plaintiff a retaliatory misconduct on April 5, 2009; and (2) claim that Officers Reno and Alshefski failed to provide Plaintiff with adequate nourishment from April 10, 2009, through April 29, 2010.

An appropriate order follows.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

---

NATHANIEL ADDERLY,                    :
                                      :
                    Plaintiff,        :
                                      :    CIVIL NO. 3:11-CV-694
              v.                      :
                                      :         (Judge Kosik)
C.O. EIDEM, et al.,                   :
                                      :
                    Defendants.       :

---

**ORDER**

AND NOW, THIS 27th DAY OF SEPTEMBER, 2016, IT APPEARING TO THE

COURT THAT:

[1] The Report and Recommendation of Magistrate Judge Martin C. Carlson (Doc. 90) is

**ADOPTED, IN PART**, as set forth in the accompanying Memorandum;

[2] Defendants' Motion for Summary Judgment (Doc. 77) is **GRANTED, IN PART,**

**DENIED, IN PART**;

[3] Defendants are to file a motion for summary judgment on the merits of the remaining

claims, as set forth in the accompanying Memorandum, within **TWENTY (20) DAYS** of the

date of this Order; and,

[4] The Clerk of Court is directed to **FORWARD** a copy of the Memorandum and Order

to the Magistrate Judge.


                                      _____
                                      Edwin M. Kosik
                                      United States District Judge

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATHANIEL ADDERLY, | : |
| Plaintiff, | : |
| | : CIVIL NO. 3:11-CV-694 |
| v. | : |
| | : (Judge Kosik) |
| C.O. EIDEM, et al., | : |
| Defendants. | : |

## ORDER

AND NOW, THIS 27th DAY OF SEPTEMBER, 2016, IT APPEARING TO THE COURT THAT:

[1] The Report and Recommendation of Magistrate Judge Martin C. Carlson (Doc. 90) is **ADOPTED, IN PART**, as set forth in the accompanying Memorandum;

[2] Defendants' Motion for Summary Judgment (Doc. 77) is **GRANTED, IN PART, DENIED, IN PART**;

[3] Defendants are to file a motion for summary judgment on the merits of the remaining claims, as set forth in the accompanying Memorandum, within **TWENTY (20) DAYS** of the date of this Order; and,

[4] The Clerk of Court is directed to **FORWARD** a copy of the Memorandum and Order to the Magistrate Judge.

Edwin M. Kosik
United States District Judge