UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATHANIEL ADDERLY, <br><br>            Plaintiff, <br><br>    v. <br><br> C.O. EIDEM, et al., <br><br>            Defendants. | Civil No. 3:11-CV-694 <br><br> (Judge Kosik) |

## MEMORANDUM

Before this Court is Plaintiff's motion for reconsideration (Doc. 97), of this Court's previous dismissal of claims for being outside of the statute of limitations.

The Court notes that a motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to

the court in the context of the matter previously decided. <u>Drysdale v. Woerth</u>, 153 F. Supp.2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." <u>Continental Cas. Co. v. Diversified Indus., Inc.</u>, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

     Plaintiff, in the instant matter, simply attempts to reargue an unsuccessful theory already disposed of by this Court when it dismissed his previous claims as being untimely. Plaintiff's instant motion for reconsideration does not set forth any intervening change in the controlling law, produce any evidence which was not previously in existence and available to him, or prove that reconsideration is necessary to correct a clear error of law or prevent manifest injustice. Plaintiff's attempt to reargue unsuccessful claims simply cannot provide the basis for a successful motion for reconsideration. Accordingly, Plaintiff's motion for reconsideration will be denied. An appropriate order follows.